**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MARTEL E. JACKSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>THOMAS AUSTIN, ROB JEFFREYS, )<br>DEANNA KIRK, and JEFFREY )<br>STRUBHART, )<br>)<br>Defendants. ) | Case No. 22-cv-1027-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Martel E. Jackson, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Jackson alleges Warden Austin developed a Covid-19 policy which led to Jackson contracting Covid-19. He asserts claims against the defendants under the Eighth Amendment and seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

In his Complaint (Doc. 1), Jackson makes the following allegations: On February 28, 2022, Warden Thomas Austin issued a memo regarding new Covid-19 policies at Centralia Correctional Center. According to Memo # 22-10, only unvaccinated inmates would be tested for Covid-19 (*Id*. at p. 5). Jackson wrote an emergency grievance asking that all inmates be tested because infectious disease experts publicly stated that vaccinated individuals could still contract and transmit the illness to others. The grievance was denied by Warden Austin, Jeffrey Strubhart, DeAnna Kirk, and Rob Jeffreys (*Id*.). On March 24, 2022, Jackson tested positive for Covid-19, along with 15 other inmates. He was quarantined and placed on lockdown. Although the prison now tests everyone for Covid-19, Jackson believes if officials tested everyone from the beginning, as he suggested, he would not have contracted Covid-19. He alleges his rights were violated by willingly being exposed to Covid-19 because of the testing policy. As a result of contracting Covid-19, he suffers from headaches, memory loss, lethargy, and loss of taste and smell. He indicates that he will have to take Tylenol for the rest of his life (*Id*.).

## Discussion

Based on the allegations in the Complaint, the Court designates the following count:

> **Count 1:** Eighth Amendment deliberate indifference claim against Thomas Austin, Rob Jeffreys, Jeffrey Strubhart, and DeAnna Kirk for adopting a policy of testing only unvaccinated inmates for Covid-19.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is**

**mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

Simply put, Jackson fails to state a claim. Jackson asserts that his constitutional rights were violated because Defendants issued a policy of testing only unvaccinated inmates for Covid-19. He alleges that this policy went against public health recommendations and led to him developing Covid-19. Although he insists that the policy went against health experts' recommendations, the Seventh Circuit has explained that "CDC Guidelines—like other administrative guidance—do not themselves set a constitutional standard." *Mays v. Dart*, 974 F.3d 810, 823 (7th Cir. 2020). "[W]hile the recommendations of these various groups may be instructive in certain cases, they simply do not establish the constitutional minima; rather, they establish goals recommended by the organization in question." *Id.* Likewise, violations of state laws or policies do not constitute a violation of the constitution under Section 1983. *Pulera v. Sarzant*, 966 F.3d 540, 551 (7th Cir. 2020) (a violation of jail policy is not cognizable under Section 1983); *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006) (Section 1983 does not protect plaintiffs from violations of state law or policy).

While Jackson believes that testing all inmates, including vaccinated inmates, would have prevented him from contracting Covid-19, he fails to plead any facts that show "Defendants' overall response was so lacking as to show deliberate indifference to his welfare." *Lawson v. Pritkzer*, No. 21-CV-4063-MMM, 2022 WL 757932, at *2 (C.D. Ill. Mar. 11, 2022) (*citing Money v. Pritzker*, 453 F. Supp. 3d 1103, 1131 (N.D. Ill. 2020) ("[G]iven the

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

constantly shifting parameters and guidance regarding how to combat a previously little known virus, it is worth pointing out that 'the mere failure…to choose the best course of action does not amount to a constitutional violation.'") (quoting *Peate v. McCann*, 294 F.3d 879, 882 (7th Cir. 2002)). While the presence of COVID-19 in the prisons presents a substantial risk of serious harm, Jackson fails to plead that Defendants acted with "total unconcern for [his] welfare." *Rosario v. Brawn*, 670 F. 3d 816, 821 (7th Cir. 2012). To the contrary, the prison implemented testing and quarantine protocols. Although Jackson believes these steps were insufficient, he does not allege facts to support the assertion that Defendants' response to the pandemic rose to the level of deliberate indifference.

Jackson has likewise failed to plead any facts indicating that Defendants were deliberately indifferent to his condition once he contracted Covid-19. Although he alleges that he was quarantined and still suffers from symptoms, he does not offer any allegations regarding the treatment of his condition. Thus, Jackson fails to state any Eighth Amendment claim for deliberate indifference.

Accordingly, Jackson's Complaint is **DISMISSED without prejudice** for failure to state a claim. To the extent that Jackson could possibly state a claim, he will be given the opportunity to amend his Complaint. If he chooses to do so, Jackson must comply with the instructions and deadlines set forth below.

### Pending Motions

As to Jackson's motion for counsel (Doc. 3), he states that he has written "a few attorneys" but they wanted a retainer fee. He does not indicate the number of attorneys he has written, nor has he provided any copies of the letters declining to take his case. He also fails to identify the attorneys he contacted. Thus, his motion is **DENIED** because he fails to

demonstrate that he made reasonable attempts to obtain counsel on his own. Should he choose to move for recruitment of counsel at a later date, the Court directs Jackson to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. Jackson should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case.

## Disposition

For the reasons stated above, Jackson's Complaint is **DISMISSED without prejudice**. He is **GRANTED** leave to file a "First Amended Complaint" on or before **August 8, 2022**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Jackson's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Jackson must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Jackson is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Jackson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 11, 2022**

*[signature: Nancy J. Rosenstengel]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**