IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTEL E. JACKSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>THOMAS AUSTIN, ROB JEFFREYS, )<br>DEANNA KIRK, and JEFFREY )<br>STRUBHART, )<br>)<br>Defendants. ) | Case No. 22-cv-1027-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Martel Jackson, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Jackson's Complaint was dismissed for failure to state a claim (Docs. 1 and 11). In the Amended Complaint (Doc. 13), Jackson again alleges Defendants developed a Covid-19 policy which led to Jackson contracting Covid-19, in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Amended Complaint

In his Amended Complaint, Jackson makes the following allegations: On February 28, 2022, Warden Thomas Austin put out a memo indicating that only unvaccinated inmates would be tested for Covid-19 (Doc. 13, p. 2). Jackson filed a grievance, arguing that all inmates should be tested per Dr. Anthony Fauci's public declaration that vaccinated individuals can still transmit Covid-19. His grievance was denied by Thomas Austin and Jeffrey Strubhart (*Id.*). Jeffreys also denied his grievance. On March 24, 2022, Jackson tested positive for Covid-19—along with a number of inmates and correctional offices. He remained in quarantine and still suffers from long-term symptoms (*Id.*). Jackson argues that he was treated differently from vaccinated individuals and that he was discriminated against in violation of the Fourteenth Amendment (*Id.* at p. 3). He also alleges that the warden violated the Eighth Amendment by exposing him to possible infection (*Id.* at pp. 3-4).

## Discussion

Simply put, Jackson again fails to state a claim. He again alleges that the warden implemented a policy requiring only unvaccinated inmates to be tested for Covid, which he believes was improper, in violation of the nation's expert, and ultimately led to him testing positive for Covid-19. But he again he fails to plead any facts that show "[d]efendants' overall response was so lacking as to show deliberate indifference to his welfare." *Lawson v. Pritkzer*, No. 21-CV-4063-MMM, 2022 WL 757932, at *2 (C.D. Ill. Mar. 11, 2022) (*citing Money v. Pritzker*, 453 F. Supp. 3d 1103, 1131 (N.D. Ill. 2020) ("[G]iven the constantly shifting parameters and guidance regarding how to combat a previously little

known virus, it is worth pointing out that 'the mere failure…to choose the best course of action does not amount to a constitutional violation.'") (quoting *Peate v. McCann*, 294 F.3d 879, 882 (7th Cir. 2002)). As the Court stated previously, while the presence of Covid-19 in the prisons presents a substantial risk of serious harm, Jackson fails to plead that Defendants acted with "total unconcern for [his] welfare." *Rosario v. Brawn*, 670 F. 3d 816, 821 (7th Cir. 2012). He simply fails to allege that Warden Austin's testing policy rose to the level of deliberate indifference, and he has not properly alleged a Monell claim. *King v. Kramer*, 763 F.3d 635, 649 (7th Cir. 2014).

Further, to the extent that Austin, Strubhart, Kirk, and Jeffreys denied his grievances, the mere mishandling or denial of a grievance does not state a claim for deliberate indifference. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007).

Finally, in his Amended Complaint, Jackson attempts to raise an equal protection claim for the difference in treatment of vaccinated and unvaccinated individuals. Jackson alleges that only unvaccinated inmates were tested for Covid-19, which failed to stop the spread of the illness because vaccinated individuals could still transmit Covid-19. Being vaccinated or unvaccinated does not amount to membership in a suspect class. *See Srail v. Vill. of Lisle*, 588 F.3d 940, 943 (7th Cir. 2009) ("Suspect classes include race, alienage, and national origin.") *Halgren v. City of Naperville*, 577 F. Supp.3d 700, 753 (N.D. Ill. Dec. 19, 2021) ("While the mandates undoubtedly treat the groups differently, [p]laintiffs have

not identified any legal support for the notion that vaccination status alone is a traditional suspect (or quasi-suspect) class within the meaning of the Equal Protection Clause."). Thus, to state an equal protection claim, Jackson must show "(1) that he has been intentionally treated differently from others similarly situated, and (2) that there is no rational basis for the difference in treatment." *Fares Pawn, LLC v. Indiana Dep't of Financial Institutions*, 755 F.3d 839, 845 (7th Cir. 2014). Here, Jackson fails to allege that there was no rational basis for the decision to test only unvaccinated individuals. Although he indicates that the warden based his decision on money and his flawed judgment about the seriousness of the pandemic, he fails to allege there was no rational basis for the treatment. Indeed, there is a rational basis for testing the unvaccinated as transmission may be more likely among the unvaccinated. *Halgren*, 577 F. Supp.3d at 741-42 (The "degree of transmission theory provides a conceivable basis for the mandate under the rational basis test, at least as to those without natural immunity. That is all that the rational basis test requires."). Accordingly, Jackson also fails to allege a viable equal protection claim.

## Disposition

For the reasons stated above, Jackson's Amended Complaint is **DISMISSED**. This is Jackson's second attempt to state a viable claim, and he has been unable to do so. Thus, the entire action is now **DISMISSED with prejudice**. This shall count as a "strike" for purposes of 28 U.S.C. § 1915(g).

If Jackson wishes to appeal this Order, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If Jackson does

choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

DATED: December 7, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**